NOT FOR PUBLICATION
File Name: 14a0804n.06

**Case No. 09-3226**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| MARY CAMPOS, Executor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| BELEN CUELLAR, | ) | OHIO |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | O R D E R |
| GENERAL MOTORS CORPORATION, | ) | |
| | | |
| Defendant-Appellee. | | |

FILED

Oct 23, 2014

DEBORAH S. HUNT, Clerk

Before: SILER, CLAY, and GRIFFIN, Circuit Judges.

This case originated from Belen Cuellar's long-closed divorce case. In a strange series of procedural events, Cuellar filed a motion against General Motors ("GM") in her divorce case demanding benefits from her ex-husband's pension plan pursuant to the Employee Retirement Income Security Act of 1974, as amended, ERISA, 29 U.S.C. § 1132, and the Qualified Domestic Relations Order entered in her divorce case. GM removed the case to federal court. Cuellar now appeals the district court's grant of summary judgment in favor of defendant GM. We dismiss.

After this case was appealed and fully briefed, GM filed a notice of bankruptcy, and this appeal was held in abeyance pursuant to 11 U.S.C. § 362 of the Bankruptcy Code. In March 2014, counsel for GM moved to withdraw as counsel, as GM was dissolved in 2012 under the

liquidation plan of reorganization. In April 2014, we issued an order for Cuellar to show cause why this appeal is not moot due to the dissolution of GM.

Cuellar responded to our order and reasoned that: (1) her case was asserted against the GM Pension Administration Center as Plan Administrator, not GM itself; (2) "many questions need to be addressed before dismissal"; (3) she was not a party in the bankruptcy case; and (4) "New GM" may be liable for "Old GM's" debts. We granted GM counsel's motion to withdraw as counsel.

Cuellar's arguments that this case is not moot are without merit. First, the caption of this case recognizes appellee as "General Motors Corporation," and without Cuellar providing any additional evidence to indicate that the wrong party has been included throughout the course of this appeal, it is unclear why some other entity of GM, which may or may not be under the purview of the bankruptcy case, should be substituted. Moreover, Cuellar has not shown that the appellee in this case, whether it be GM or one of its subsidiaries, was not covered under the bankruptcy proceedings. Cuellar initiated this case, and it was up to her to have clarified any errors at the commencement of this appeal.

Cuellar should have been aware that GM was in bankruptcy in 2009, when GM filed its notice of bankruptcy in this case. She had sufficient time to investigate and determine if she should have intervened in the bankruptcy case through a proof of claim in bankruptcy court. Regardless of what Cuellar should have done, this court is unable to provide Cuellar any relief now that GM, as it formerly existed, has been dissolved.

Finally, Cuellar also theorizes, without pointing to any evidence or law, that because a "New GM" has emerged, perhaps it assumed the liabilities of the "Old GM." Cuellar suggests that the "New GM" has a website, and the website is evidence that GM survived in some

capacity or assumed the debts of "Old GM." However, GM"s website states, "a new General Motors Company, which acquired many . . . assets of the old company, was created July 10, 2009 . . . ." GENERAL MOTORS, http://www.gm.com/company/historyAndHeritage/rebirth.html (last visited Oct. 20, 2014). "The universally-accepted general rule is that where one corporation purchases business assets from another corporation, and a fair consideration was paid, the purchaser does *not*, simply by virtue of the asset purchase transaction, become responsible for the seller's liabilities." *City Env't, Inc. v. U.S. Chem. Co.*, 814 F. Supp. 624, 634 (E.D. Mich. 1993), *aff'd*, 43 F.3d 244 (6th Cir. 1994) (noting that Michigan follows the universally-accepted general rule).[1] Even supposing "New GM" assumed some of the debts of "Old GM," Cuellar has not provided this court with evidence or law to show that the "New GM" did so in this case.

In short, Cuellar has not provided any reason to resolve an appeal based on an unsecured claim against a dissolved corporation, and her response to our order to show cause why this appeal is not rendered moot is insufficient.

**DISMISSED FOR MOOTNESS.**

---

[1] The applicable rule in this case would be a matter of state law.